IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAMAR MESHA WILLIAMS                                                                    PLAINTIFF

vs.                                          Civil No. 4:11-cv-04034

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Tamar Mesha Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her initial disability application on August 11, 2005 and protectively filed her subsequent application on April 4, 2007. (Tr. 40-42, 159, 208-215). Both of these applications are currently before this Court. *Id.* In her applications, Plaintiff alleged she was disabled due to lower back pain, depression, and anxiety. (Tr. 58-74). In her initial application, she alleged

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

an onset date of July 16, 2005. (Tr. 40). In her subsequent application, she alleged an onset date of March 30, 2007. (Tr. 159, 208). Her applications were denied initially and again on reconsideration. (Tr. 30-31, 192-193).

After her initial application was administratively denied, Plaintiff requested a hearing on this application, and this hearing request was granted. (Tr. 28, 127-148). Plaintiff's first administrative hearing was held on October 31, 2006 in Texarkana, Arkansas. (Tr. 127-148). Subsequent to that hearing, the ALJ entered an unfavorable decision on Plaintiff's initial application. (Tr. 11-16). Plaintiff then filed her second application on April 4, 2007 (Tr. 208), and she appealed the ALJ's unfavorable decision to this Court on July 17, 2007. *Williams v. Astrue,* 4:07-04064, ECF No. 1.

This Court remanded Plaintiff's case to the SSA for further administrative review. (Tr. 178-187). After this remand, a second administrative hearing was held. (Tr. 342-362). This administrative hearing was held on December 3, 2008 in Texarkana, Arkansas. *Id.* Both of Plaintiff's applications were before the ALJ during this hearing. At this administrative hearing, Plaintiff was present and was represented by Charles Barnette.[2] *Id.* Plaintiff and Vocational Expert ("VE") Daniel Lustig testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed high school and obtained her Certified Nursing Assistant ("CNA") certification. (Tr. 347).

On February 24, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 159-168). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 161, Finding 1). The ALJ

---

[2] Plaintiff has since changed her counsel from Charles Barnette to Greg Giles. ECF No. 7.

determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 16, 2005, her original alleged onset date. (Tr. 161, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and depression. (Tr. 161, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 161-163, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 163-166, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasionally climbing, balancing, stooping, crouching, kneeling, and crawling. Non-exertionally, the claimant is limited to performing work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience and may involve several variables; use of judgment is within normal limits; and she requires little supervision for routine tasks but detailed supervision for non-routine tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 166, Finding 6). The ALJ determined Plaintiff's PRW included as a Certified Nursing Assistant (light, semiskilled) and housekeeper (medium, unskilled). *Id.* The ALJ then determined Plaintiff's RFC precluded her from performing any of this PRW. *Id.* However, the ALJ also evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 166-167, Finding 10). The ALJ based his findings upon the responses of the Vocational Expert ("VE") to his hypothetical questions. (Tr. 167, 358-361).

Specifically, the VE testified that given all the limitations the ALJ found credible, a hypothetical person would be able to work as a cashier (unskilled, light) with 31,000 such jobs in the state and 3,200,000 such jobs in the nation and fast food worker (unskilled, light) with 12,000 such jobs in the state and 400,000 such jobs in the nation. (Tr. 167). Based upon this finding, the ALJ determined Plaintiff could perform other work and had not been under a disability, as defined by the Act, from July 16, 2005 through the date of his decision or through February 24, 2009. (Tr. 167, Finding 11).

On March 17, 2011, the Appeals Council declined to assume jurisdiction of Plaintiff's case. (Tr. 149-152). *See* 20 C.F.R. § 404.984 (2009). On April 12, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 25, 2011. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments: (A) the ALJ erred by finding her impairments did not meet the requirements of Listing 1.02; (B) the ALJ erred by discounting the opinion of her treating orthopaedist, Dr. J.T. Dehaan, M.D.; and (C) the ALJ erred by failing to give proper consideration to her chronic complaints of disabling pain. ECF No. 8 at 1-20. In response, Defendant argues substantial evidence supports the ALJ's disability determination. ECF No. 9 at 5-12. Specifically, Defendant argues the ALJ properly determined Plaintiff's impairments did not meet the requirements of Listing 1.02(A), the ALJ properly discounted the opinions of Dr. Dehaan, and the ALJ properly discounted Plaintiff's credibility. ECF No. 9 at 5-12. This Court will address all three arguments for reversal.

    A.     **Evaluation of Listing 1.02(A)**

Plaintiff claims her left knee impairment meets the requirements of Listing 1.02(A).[3] ECF No. 8 at 10-12. Plaintiff does not provide any specific argument to support her claim that her knee impairment meets the requirements of Listing 1.02(A). *Id.* Upon review, Listing 1.02(A) requires a demonstration of a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)." In Plaintiff's case, she has provided no evidence of any knee impairment which may be considered a "gross anatomical deformity."

Instead, she claims her "left knee joint effusion" demonstrates she meets the requirements of Listing 1.02(A). At worst, such an "effusion" is a collection of fluid in her knee joint. *See PDR*

---

[3] Plaintiff also claims she met "part of Listing 1.05." ECF No. 8 at 11. Listing 1.05 applies to "Amputation (due to any cause)." There has been no demonstration or even a claim that Plaintiff has an amputated limb. Thus, this Court will not address that issue further.

*Medical Dictionary* 616 (3rd ed. 2006). Plaintiff has not demonstrated such an "effusion" can be characterized as a "gross anatomical deformity," and Plaintiff has the burden of demonstrating her knee impairment meets the requirements of this listing. *See Marciniak v. Shalala,* 49 F.3d 1350, 1353 (8th Cir. 1995) (holding the claimant has the burden of demonstrating his or her impairment meets or is medically equal to all of the requirements of a given listing). Thus, this Court finds the ALJ properly determined Plaintiff's knee impairment did not meet the requirements of Listing 1.02(A).

  **B.**  **Opinion of Dr. Dehaan**

  Plaintiff claims the ALJ erred by discounting the opinion of her treating orthopaedist, Dr. J.T. Dehaan, M.D. ECF No. 8 at 12-18. The record reflects Dr. Dehaan only treated Plaintiff from July 27, 2005 until May 31, 2006. (Tr. 86-97, 266-268). It also appears Plaintiff only actually sought treatment from Dr. Dehaan on three different occasions: (1) July 27, 2005; (2) January 18, 2006; and (3) April 19, 2006. *Id.* During the most recent evaluation, Dr. Dehaan found her examination to be "fairly benign with lower back pain being a primary problem" and she had "intact motor to both lower extremities." (Tr. 266).

  Despite this relatively short period of treatment and these relatively mild symptoms, Dr. Dehaan found Plaintiff suffered from severe limitations in his report which was completed for the SSA. (Tr. 98-100). These limitations included being able to lift less than 10 pounds on both an occasional and a frequent basis; a two-hour limitation on her ability to stand and walk with normal breaks in an 8-hour workday; and a requirement that she be able to lie down at unpredictable intervals one to two times in a day. (Tr. 98). Dr. Dehaan partly based these severe restrictions upon Plaintiff's MRI results. (Tr. 99). It is telling, however, these MRI results provided little support for this finding. (Tr. 89). These results were as follows: "Impression: 1. Mild Degenerative Disc Disease of the Lumbar Spine as Described." *Id.*

7

Dr. Dehaan's stated limitations are also inconsistent with the results from the consultative examination which was performed on September 10. 2007 by Dr. Brian Oge, M.D.  (Tr. 299-305). Dr. Oge found Plaintiff only had "moderate limitations with her ability to repeatedly stoop, bend, kneel, and carry over twenty pounds."  (Tr. 305).  In his RFC determination, the ALJ adopted the findings of Dr. Oge and discounted the findings of Dr. Dehaan.  (Tr. 165-166).  Plaintiff claims the ALJ erred by disregarding the opinions of Dr. Dehaan, but Plaintiff does not provide any specific argument supporting her claim that this decision was in error.  ECF No. 8 at 12-18.

Standing alone, the report of a consulting physician such as Dr. Oge who examines the claimant once generally does not constitute substantial evidence supporting an ALJ's RFC determination.  *See Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004).  An ALJ is, however, permitted to consider the opinion of a consultative physician such as  Dr. Oge when evaluating the record as a whole and when assessing a claimant's RFC.  *See Davidson v. Astrue,* 578 F.3d 838, 844 (8th Cir. 2009) (holding "[t]he ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations") (citation omitted).

In this case, given the inconsistencies between Dr. Dehaan's treatment records and his opinions as stated on the form supplied to the SSA, the relatively short time Dr. Dehaan treated Plaintiff, and the lack of objective testing to support the extreme limitations found by Dr. Dehaan, this Court finds the ALJ's decision to disregard the findings of Dr. Dehaan and adopt the findings of Dr. Oge is supported by substantial evidence in the record.  *See Howe v. Astrue,* 499 F.3d 835, 840-41 (8th Cir. 2007) (affirming the ALJ's decision to discount the opinions of the claimant's treating physician).

    **C.**    **Subjective Complaints**

Plaintiff claims the ALJ improperly evaluated her subjective complaints. ECF No. 8 at 18-19. Plaintiff does not provide any specific argument supporting this claim but only broadly raises this claim. *Id.* In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies,

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In evaluating Plaintiff's subjective complaints, the ALJ fully complied with *Polaski*. (Tr. 163-166). The ALJ stated the *Polaski* factors and then considered those factors. First, The ALJ noted that Plaintiff's daily activities were extensive and included an "ability to care for her grandchild; shop; pay bills; drive; and attend church." (Tr. 165). Second, the ALJ considered the alleged intensity of Plaintiff's pain and found she described it as "constant" on the Pain Form. *Id.* Third, the ALJ noted no precipitating or aggravating factors. *Id.* Fourth, the ALJ considered Plaintiff's medications. *Id.* Fifth and finally, the ALJ found reported exertional and postural limitations included standing and walking 5 minutes and sitting 15-20 minutes before experiencing pain. (Tr. 165).

Despite her alleged limitations, the ALJ found Plaintiff's subjective complaints were not credible. The ALJ based this finding upon several facts, including the fact Plaintiff had a "wide range of daily activities" and reported taking "no medication" for her allegedly disabling back pain when she was examined during the consultative examination. (Tr. 165-166). Based upon these findings and in light of the remainder of the record, this Court finds the ALJ's decision to discount Plaintiff's subjective complaints is supported by substantial evidence. *See Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (holding that "If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment") (citation omitted).

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

  **ENTERED this 3rd day of May, 2012.**

               /s/   Barry A. Bryant
                HON. BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE